UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA GUTHREY, a conserved adult, through her Conservator, Areta Guthrey; and ARETA GUTHREY, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALTA CALIFORNIA REGIONAL CENTER, a California non-profit corporation; ON MY OWN INDEPENDENT LIVING SERVICES, INC., a California corporation, ON MY OWN COMMUNITY SERVICES, a California non-profit corporation; MARY MCGLADE, an individual; MICHELLE RAMIREZ, an individual; S.T.E.P. INC., a California corporation, TAMMY SMITH,<br><br>        Defendants. | No.  2:18-cv-01087-MCE-EFB<br><br>**ORDER** |

In instituting the present lawsuit, Plaintiffs Aleta Guthrey, a conserved adult, through her Conservator, Areta Guthrey, and Areta Guthrey, as an individual, (collectively "Plaintiffs" unless otherwise specified) allege violations of the Americans with Disabilities Act, the Rehabilitation Act of 1983, California's Unruh Civil Rights Act and the Equal Protection Clause of the United States Constitution on grounds that Aleta

1

Guthrey was wrongfully denied access to services, and suffered retaliation and discrimination when she asserted her rights to such services.

Now before the Court are four different Motions filed by various groups of Defendants. All four Motions argue that Plaintiffs' Complaint fails to state any viable claim pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] and alternatively request that a more definite statement under Rule 12(e). First, Defendants Strategies to Empower People, Inc. ("STEP"), and Tammy Smith filed a Motion to Dismiss on February 4, 2020. ECF No. 17. This was followed on February 7, 2020 by a similar motion filed on behalf of Defendant On My Own Independent Living Services, Inc. along with individually-named Defendants Mary McGlade and Michelle Ramirez. ECF No. 19. Then, the other On My Own entity, On My Own Community Services, filed its own motion on February 10, 2020. ECF No. 21. Finally, the last remaining named Defendant, Alta California Regional Center, moved to dismiss on April 16, 2020. ECF No. 39.

Despite purporting to sue seven different individuals and entities and including six separate causes of action, Plaintiffs' Complaint does not specify which of those claims are pled against which Defendants, or whether they are being asserted against all of them. In addition, despite naming two different "On My Own" entities as enumerated above, the body of the Complaint refers only to "On My Own" generically, leaving the two organizations to guess as to what allegations are directed to each entity. Moreover, the allegations contained in Plaintiffs' Complaint are not even numbered, which further compounds the difficulty encountered in formulating any meaningful analysis.

Rule 12(e) provides that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under 12(e) before responding." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002); Evans-Marshall v. Board of Educ. Of Tipp City Exempted Village School Dist., 428 F. 3d

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

223, 228 (6th Cir. 2005). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). A Rule 12(e) motion is appropriate when the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). Granting a motion under Rule 12(e) is a matter subject to the court's sound discretion. See McHenry v Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

In the absence of specifying what claims and causes of action are directed against which of the seven named Defendants, Defendants cannot possibly be expected to appropriately respond to Plaintiffs' Complaint without engaging in speculation as to just what Plaintiffs intend. That shortcoming on Plaintiffs' part clearly fails to provide Defendants adequate notice of the claims being levied against them, and in that absence Rule 12(e) mandates that a more definite statement be provided before Defendants can possibly respond.

Defendants' Motions (ECF Nos. 17, 19, 21, 39) are accordingly GRANTED to the extent Defendants request relief under Rule 12(e).[2] Given the fundamental failing of Plaintiffs' Complaint in specifying which claims are directed against which Defendants, making any ruling on Defendants' requests for dismissal under Rule 12(b)(6) as to the particular causes of action Plaintiffs purport to assert is premature, and Defendants' requests in that regard are accordingly DENIED, without prejudice to being reinstituted once the scope of Plaintiffs' Complaint becomes more clear.

Plaintiffs are directed to file a First Amended Complaint, should they choose to do so, not later than twenty (20) days after the date this Order is electronically filed. While the substantive arguments as to the infirmities of Plaintiffs' particular claims are being

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered the Motions submitted on the briefs in accordance with E.D. Local Rule 230(g).

1 deferred at this time, Plaintiffs should nonetheless consider those arguments when
2 formulating their amended pleading.  Finally, should Plaintiffs fail to file an amended
3 pleading within the time parameters described above, Plaintiffs are advised that this
4 lawsuit will be dismissed, with prejudice and without further notice to the parties.
5     IT IS SO ORDERED.
6 Dated: June 15, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE