UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA GUTHREY, a conserved adult, through her Conservator, Areta Guthrey; and ARETA GUTHREY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA CALIFORNIA REGIONAL CENTER, a California non-profit corporation; ON MY OWN INDEPENDENT LIVING SERVICES, INC., a California corporation, ON MY OWN COMMUNITY SERVICES, a California non-profit corporation; MARY MCGLADE, an individual; S.T.E.P. INC., a California corporation, Tammy Smith,<br><br>Defendants. | No. 2:18-cv-01087-MCE-JDP<br><br>**ORDER** |

In instituting the present lawsuit, Plaintiffs Aleta Guthrey, a conserved adult, through her Conservator, Areta Guthrey, and Areta Guthrey, as an individual (collectively "Plaintiffs" unless otherwise specified) allege violations of the Americans with Disabilities Act, the Rehabilitation Act of 1983, California's Unruh Civil Rights Act and the Equal Protection Clause of the United States Constitution on grounds that Aleta Guthrey was wrongfully denied access to services, and suffered retaliation and discrimination when

1

she asserted her rights to such services.  Defendants include four different entities alleged to be responsible for the provision of services to Aleta, along with two individuals.

Plaintiffs' initial Complaint, filed May 1, 2018 (ECF No. 1), drew four motions to dismiss filed on behalf of various groups of Defendants under Federal Rule of Civil Procedure 12(b)(6).  Alternatively, Defendants moved under Rule 12(e) for a more definite statement on grounds that the Complaint failed to specify which of the six separately pled causes of action were being asserted against the different Defendants.  One of the motions was brought by Defendant On My Own Community Services ("OMOCS").  ECF No. 21.

By Memorandum and Order filed June 15, 2020 (ECF No. 46), the Court granted Defendants' requests under Rule 12(e) and afforded Plaintiff the opportunity to file an amended pleading.  Dismissal under Rule 12(b)(6), however, was deemed premature given Plaintiffs' basic failure to specify which parties were implicated in each of their claims.

Plaintiffs thereafter filed their First Amended Complaint ("FAC") on July 5, 2020.  ECF No. 47.  The FAC neither included OMOCS in its caption nor included any allegations against OMOCS within the body of the pleading.  Nonetheless, because Plaintiffs did not affirmatively dismiss OCOCS through the filing of Notice of Dismissal, out of an abundance of caution OMOCS subsequently filed the motion now before the Court for adjudication, a Motion for Declaratory Relief under 28 U.S.C. § 2201 seeking to clarify that OMOCS is no longer a party to this lawsuit.  ECF No. 56.  Alternatively, given the continuing lack of any charging allegations against OMOCS, OMOCS reiterated its previous request for dismissal under Rule 12(b)(6).  While Plaintiffs filed oppositions to the renewed motions filed on behalf of the three other groups of Defendants, no opposition was filed to OMOCS' motion.

Although OMOCS' motion is unopposed and may be granted on that ground alone, OMOCS may be dismissed as a Defendant for an even more fundamental

reason. The Court's prior Memorandum and Order (ECF No. 46), which allowed Plaintiffs to file their FAC, provided explicitly that the failure to file an amended pleading would subject Plaintiffs' claims to dismissal, "with prejudice and without further notice to the parties." Id. at 4:2-4. By failing to include OMOCS in the caption to the FAC and given the lack of any charging allegations within the FAC otherwise, Plaintiffs failed to file an amended pleading as to OMOCS. Consequently, the Court, on its own motion, orders that Defendant OMOCS now be DISMISSED from this lawsuit, with prejudice. Given that dismissal, OMOCS' Motion (ECF No. 56) is DENIED as moot.[1]

    IT IS SO ORDERED.

Dated: September 30, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Having determined that oral argument would not be or material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).