UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALETA GUTHREY, et al., | No. 2:18-cv-01087-MCE-JDP |
| Plaintiffs, | |
| v. | **ORDER** |
| ALTA CALIFORNIA REGIONAL CENTER, et al., | |
| Defendants. | |

On February 1, 2023, the Court entered judgment in favor of Defendants Strategies to Empower People, Inc. ("STEP"), Alta California Regional Center ("Alta"), and On My Own Independent Living Services, Inc. ("On My Own") (collectively, "Defendants") pursuant to its Memorandum and Order granting each Defendant's Motion to Dismiss Plaintiffs Areta Guthrey ("Areta") and Aleta Guthrey's ("Aleta") Second Amended Complaint ("SAC") without leave to amend. ECF Nos. 102–03. Presently before the Court are two Motions for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e),[1] one filed by Areta, who is proceeding pro se, and another filed by

///

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

Aleta, who is represented by counsel. ECF Nos. 104, 106. For the foregoing reasons, both Motions are DENIED.[2]

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." E.D. Local Rule 230(j)(3)–(4).

Here, neither Plaintiff has met their burden under Rule 59(e) as they mostly reiterate arguments already made in prior pleadings, with Aleta's Motion in particular using identical language from her Sur-Reply in support of her Opposition to Defendants' Motions to Dismiss. Compare ECF No. 98, at 4, 6, 8–9, with ECF No. 106-1, at 13–14, 22, 23–24 (identical). For example, Plaintiffs devote numerous pages in their Motions to arguing that there is a nexus between the disability support services offered by Defendants and their physical office locations as required under Title III of the Americans with Disabilities Act ("ADA"), see ECF Nos. 104, at 14–15; 106-1, at 14–21, but the Court discussed in great detail why there is no nexus in two Orders. See ECF Nos. 68, at 11–14; 102, at 7–8.

Plaintiffs also contend that the Court erred in not considering whether Alta is subject to Title II of the ADA because the SAC raised such a theory. See ECF Nos. 104, at 9; 106-1, at 21 (citing ECF No. 69 ¶¶ 6–7 (alleging that Alta acted "as an agent of the state and under color of law," and that it contracts with the California Department of Developmental Services)). However, there is no mention of Title II anywhere in the SAC

---

[2] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. E.D. Local Rule 230(g).

as Plaintiffs only specifically alleged Title III liability. See ECF No. 102, at 7 n.6. Reviewing the SAC as a whole, the aforementioned allegations are insufficient to support the notion that Plaintiffs sought to raise a Title II claim.

Alternatively, each Plaintiff requests that the Court grant leave to amend the SAC. See ECF Nos. 104, at 4; 106-1, at 24. Aleta's counsel, in particular, argues that the Court should afford Aleta leniency because she previously proceeded pro se and because counsel "has not had the opportunity to draft a complaint in this matter, nor had the opportunity to fully brief the opposition to the Motion to Dismiss[,]" although she concedes that she was permitted to file a ten-page Sur-Reply. ECF No. 106-1, at 10. However, Areta is an attorney licensed to practice both in the State of California and before this Court and was the attorney of record for both her and Aleta for most of this case. Indeed, Areta drafted each iteration of the Complaint and included her California State Bar number on the pleadings. See ECF No. 113, at 5.

Regardless, even though pleadings filed by pro se plaintiffs are to be liberally construed, such plaintiffs must still satisfy the pleading requirements. See Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). In this case, which has been ongoing for five years, Plaintiffs have filed three versions of their Complaint and the parties have "engaged in multiple rounds of briefing regarding the deficiencies in" all three Complaints, with Plaintiffs filing substantive oppositions to Defendants' Motions to Dismiss. See ECF No. 113, at 3–4. Even when Aleta obtained counsel after the conclusion of briefing on the last Motions to Dismiss, the Court granted counsel the opportunity to file a Sur-Reply, which counsel did. See ECF No. 97, 98. As such, Plaintiffs have been afforded more than enough time to correct any deficiencies and raise new arguments or claims.

///
///
///
///

3

Accordingly, Plaintiffs' Motions for Reconsideration, ECF Nos. 104 and 106, are each DENIED.  This case remains closed.

IT IS SO ORDERED.

Dated:  June 28, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE